IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**UNITED STATES OF AMERICA**                                                          **PLAINTIFF**

VS.                          **NO. 5:05CV00017 SWW**

**JASON SIPES & HIS SPOUSE, IF ANY, HEIR OF
CONNIE SIPES, DECEASED; RYBURN MOTOR
COMPANY, INC., STATE OF ARKANSAS, COMMISSIONER
OF REVENUES, DEPARTMENT OF FINANCE
AND ADMINISTRATION, TXCOLLECT, INC.**                       **DEFENDANTS**

## CONSENT JUDGMENT

Upon application of the plaintiff, United States of America, for default judgment together with affidavit showing that the defendants Jason Sipes and Jenny Sipes, his wife, are not infants or incompetent persons, and are not in the military service of the United States and it appearing to the Court that all defendants, after having been properly served pursuant to Rule 4(e)-(j) of the Federal Rules of Civil Procedure, and Rule 4(d)(8)(B) of the Arkansas Rules of Civil Procedure, and TxCollect, Inc., as reflected by Affidavits of Service filed herein, have not answered, appeared or otherwise made any defense to the plaintiff's complaint and are wholly in default.

Defendant State of Arkansas, Commissioner of Revenues, Department of Finance and Administration and has answered and consents to entry of this Judgment.

Defendant Ryburn Motor Company, Inc. has answered and consents to entry of this Judgment.

**IT IS THEREFORE, ORDERED AND ADJUDGED:**

1. The Court has jurisdiction over the parties and over the property which is the subject of this cause of action.

2. Defendants, Jason and Jenny Sipes, are in default on their obligation to plaintiff and are indebted to the United States of America in the principal sum of $26,149.91, and interest in the sum of $3,973.10 accrued to January 12, 2005, and thereafter at the daily rate of $8.8640 to date of this judgment and thereafter at the statutory rate pursuant to 28 U.S.C. Section 1961, plus advances and recoverable charges made for protection and maintenance of the subject property, and the costs of this action. Plaintiff United States of America, Rural Development, USDA, is hereby awarded judgment _in_ _rem_ against the property described herein for the above-mentioned sums and for the sum of $61,398.33 interest credit. No personal judgment having been prayed for, none is rendered.

3. The above-described indebtedness due and owing to the United States of America, Rural Development, USDA, is secured by a mortgage recorded in the records of the Circuit Clerk and Ex-Officio Recorder for Drew County, Arkansas, on July 3, 1984, in Book 277, Page 260. Plaintiff's mortgage constitutes a first lien, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of each of the defendants, in and to the following described property in Drew County, Arkansas:

> Lot 43 of the Spring Branch Addition, a subdivision of a part of the Southeast Quarter (SE1/4) of Section 28, Township 12 South, Range 7 West, in the City of Monticello, Arkansas, as shown on the plat of said addition recorded at page 69 of Plat Book No. 1 in the office of the Circuit Clerk and Ex-Officio Recorder of Drew County, Arkansas

together with all improvements and appurtenances thereon.

4. Defendant Ryburn Motor Company, Inc. may have or claim an interest in the property by virtue of a mortgage filed February 27, 1998, in Book 447, Page 172 in the office of the Circuit Clerk and Ex-Officio Recorder of Drew County, Arkansas. Whatever interest said defendant may have or claim in or to the property is subordinate and inferior to the plaintiff's mortgage.

5. Defendant Ryburn Motor Company, Inc. may have or claim an interest in the property by virtue of a Consent Judgment filed February 26, 1998, Drew County Circuit Court Case #CIV-97-54-2, in Judgment Book I, Page 139. Whatever interest said defendant may have or claim in or to the property is subordinate and inferior to the plaintiff's mortgage.

6. Defendant State of Arkansas, Commissioner of Revenues, Department of Finance and Administration, may have or claim an interest in the property by virtue of two certificates of indebtedness, one filed January 10, 2000, in Judgment Book I, Page 253, and February 25, 2000, in Judgment Book I, Page 280. Whatever interest said defendant may have or claim in or to the property is subordinate and inferior to the plaintiff's mortgage.

7. Defendant Txcollect, Inc. may have or claim in or to the property by virtue of a Default Judgment filed in Drew County Circuit Court Case #CV 2003-138-3, on September 26, 2003, in Judgment Book J, page 158. Whatever interest said defendant may have or claim in or to the property is subordinate and inferior to the plaintiff's mortgage.

8. If the above-described indebtedness due plaintiff United States of America is not paid within 10 days from this date, the United States Marshal is directed to sell the above described property at public auction to the highest bidder for cash, or on a credit of 30 days, at the East Front door of the Drew County Courthouse, Monticello, Arkansas. The date and time of such sale shall be fixed by the Marshal. If purchased on credit, the purchase price shall be secured by one of the following methods at the purchaser's option: furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% down payment. The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U.S. Marshal. The 10% cash down payment shall be forfeited in the event of failure to pay for the property within 30 days, in which event the Marshal shall resell the property. In the event of a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale. A lien against the property shall be retained to further secure payment of the purchase money. The property shall be sold subject to any unpaid

property taxes. If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, plaintiff may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit. The Marshal shall give notice of the sale as required by 28 U.S.C. Section 2002, and shall forthwith report the result of the sale to the Court.

9. Upon the sale of the above-described real property all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower of the defendants, and each of them, in and to said property and every part thereof shall from that date be foreclosed and forever barred.

10. The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance upon application therefor to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

11. The sale proceeds, after expenses of sale, shall be paid to the plaintiff United States of America to the extent of the indebtedness owed to the United States of America; then to Ryburn Motor Company, Inc. to the extent of the indebtedness owed to it under its mortgage and Judgment; then to the State of Arkansas to the extent of the indebtedness owed to it under its two certificates of indebtedness. Any surplus shall be retained in the registry of the Court subject to further orders of the Court.

12. The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

DATED July 13, 2005.

                                                /s/Susan Webber Wright

                                                CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT

JASON SIPES, et al.
Case No. 5:05CV00017 SWW

APPROVED:

*/s/ Fletcher Jackson*
Fletcher Jackson, AUSA
AR Bar No. 63027
US Attorney's Office, EDAR
P.O. Box 1229
Little Rock, AR 72203
(501) 340-2600


*/s/ Lea Ann Lynch*
Lea Ann Lynch
Attorney for Ryburn Motor Company, Inc.
AR Bar No. 2001033
Gibson & Hashem
Post Office Drawer 447
Monticello, AR 71655
(501) 367-2438


*/s/ Mark S. Ferguson*
Mark S. Ferguson
Revenue Legal Counsel
AR Bar No. 92201
P.O. Box 1272 (Rm. 2380)
Little Rock, AR 72203
(501) 682-7030